IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. CR 10-00419 SI |
| Plaintiff, | **ORDER DENYING DEFENDANT'S MOTION TO DISMISS INDICTMENT** |
| v. | |
| NOE CUENCA-VEGA, | |
| Defendant. | |

On November 4, 2011, the Court held a hearing on defendant's motion to dismiss the indictment.[1] For the reasons set forth below, the Court DENIES defendant's motion to dismiss.

## BACKGROUND

On May 27, 2010, defendant Noe Ezequiel Cuenca-Vega was indicted for illegal reentry pursuant to Title 8 U.S.C. § 1326. In 1998, defendant, a native and citizen of Mexico, was granted Lawful Permanent Resident status. *See* Def's Motion. Ex. A at 3 (Notice to Appear). In 2001, defendant was convicted of possession of methamphetamine in violation of California Health & Safety Code § 11377. *See* Supp. McCarthy Decl., Ex. K.

On December 27, 2001, the government commenced removal proceedings against defendant based on his drug conviction. *Id.* Defendant was charged with violation of the Immigration and Nationality Act § 1227(a)(2)(B)(1) (formerly § 237(a)(2)(B)(I)) which states: "Any alien who at any

---

[1] Defendant also filed a motion to compel. At the hearing, the parties stated that they were in the process of resolving the discovery issues. Accordingly, defendant's motion to compel is DENIED AS MOOT.

time after admission has been convicted of a violation of (or a conspiracy or attempt to violate) any law or regulation of a state, the United States, or a foreign country relating to a controlled substance (as defined in section 802 of Title 21) . . . is deportable." Section 802(6) defines a "controlled substance" as "a drug or other substance" which is classified as a  schedule I, II, III, IV, or V drug as defined in the Act.  Methamphetamine is a schedule II drug under § 812(b)(2).

On March 21, 2002, defendant appeared before the Immigration Judge ("IJ").  At that hearing, defendant's immigration counsel requested a continuance for attorney preparation, and he stated that defendant's separate criminal counsel was seeking to expunge defendant's drug conviction.  The judge granted the continuance and continued the hearing to June 27, 2002.  McCarthy Decl., Ex. C.  At the June 27, 2002 hearing, the IJ found defendant removable and issued a removal order stating, *inter alia*, that defendant "[had] made no application for relief of removal."  *Id.* at Ex. D (Removal Order). Defendant's counsel reserved defendant's right to appeal.  The removal order stated that any appeal was due by July 29, 2002.  *Id.*  Defendant did not file an appeal.

On September 23, 2002, defendant filed a request for a stay of deportation or removal.  *Id.* at Ex. E.  The basis for this request was that on September 18, 2002, defendant had filed a motion in state court seeking expungement of his criminal conviction for possession of a controlled substance.  *See id.* at Ex. F (Immigration Court Decision).  The IJ denied this request, and found that defendant had made no effort to seek relief from the state court from the time of his release on January 18, 2002  until September 18, 2002, five days prior to his surrender date.  *Id.* at Ex. F at 1.  Defendant was removed to Mexico on September 24, 2002.  *Id.* at Ex. H.

The affidavit attached to the complaint in this case states that defendant was also removed to Mexico from the United States on September 15, 2003, April 21, 2005, May 10, 2006, and October 22, 2009.  *See* Criminal Complaint (Doc. 1).  According to the affidavit, defendant last entered the United States illegally in February 2010, and was located in Sonoma County by a U.S. Department of Homeland Security Special Agent in May.  *Id.*

### DISCUSSION

Defendant moves to dismiss the indictment for illegal reentry on the ground that the 2002

2

removal order is invalid. To collaterally attack the removal order, defendant must demonstrate that he "(1) . . . exhausted any administrative remedies that may have been available to seek relief against the order; (2) the deportation proceedings at which the order was issued improperly deprived [him] of the opportunity for judicial review; and (3) the entry of the order was fundamentally unfair." 8 U.S.C. § 1326(d); *see also United States v. Ortiz-Lopez*, 385 F.3d 1202, 1203-1204 (9th Cir. 2004).

Defendant's motion only addresses the third factor, fundamental unfairness.[2] For an underlying removal order to be found "fundamentally unfair," defendant must show that "(1) [his] due process rights were violated by defects in his underlying deportation proceeding, and (2) he suffered prejudice as a result of those defects." *United States v. Ubaldo-Figueroa*, 364 F.3d 1042, 1048 (9th Cir. 2004). Defendant contends that the underlying removal order was fundamentally unfair because there was no evidence presented to the IJ that defendant had been convicted of a "controlled substance offense" as defined by 21 U.S.C. § 802. Defendant argues that he was convicted of a violation of California Health and Safety Code § 11377, and that that section includes substances which are not controlled under federal law. Defendant argues that there is no evidence in the record that defendant's conviction was related to a controlled substance.

Defendant relies on *Ruiz-Vidal v. Gonzalez*, 473 F.3d 1072 (9th Cir. 2007). In *Ruiz-Vidal*, an alien was convicted of violating California Health & Safety Code § 11377. The DHS commenced removal proceedings, charging that the alien had been convicted of a violation of a law related to a controlled substance as that term is defined by federal law. The alien contended that the DHS was required to prove that the substance involved in his conviction was a controlled substance as defined by federal law, and that the DHS had not done so because the record of conviction was silent as to the specific drug the alien was convicted of possessing. The Ninth Circuit agreed, holding that "in order to prove removability, the government must show that Ruiz-Vidal's criminal conviction was for possession of a substance that is not only listed under California law, but also contained in the federal schedules of the CSA." *Id*. at 1077-78. The Ninth Circuit examined the conviction document and the

---

[2] Defendant's reply addresses the first two factors. Because the Court concludes that defendant has not shown that the entry of the removal order was fundamentally unfair, the Court does not address the first two statutory criteria.

3

administrative record, and found that the government had not met its burden because the conviction document did not state the drug involved in the conviction, and the record did not contain a plea agreement, plea colloquy or any other document that revealed the factual basis for the conviction. *Id.* at 1079.

Here, the government has submitted the transcript of the plea proceeding which shows that defendant was convicted of possession of methamphetamine. Supp. McCarthy Decl., Ex. K. "In undertaking an analysis of the record of conviction, we 'may consider the charging documents in conjunction with the plea agreement, the transcript of a plea proceeding, or the judgment to determine whether the defendant pled guilty to the elements of the generic crime.'" *Ruiz-Vidal*, 473 F.3d at 1078 (quoting *United States v. Corona-Sanchez*, 291 F.3d 1201, 1211 (9th Cir. 2002)). Accordingly, the record establishes that defendant was convicted of possession of a federally controlled substance, and thus the conviction was properly used as a basis for defendant's removal.

Defendant also contends that the IJ "summarily denied" his "one and only" request for a continuance to seek post-conviction relief. Def's Motion at 4:11-13, 9:20-22. However, the government correctly notes that the IJ did, in fact, grant defendant's request for a continuance, and further that the requested continuance was for "attorney prep," not to file the expungement motion. At the March 21, 2002 hearing, the following colloquy took place between the IJ and defendant's immigration attorney:

> **Judge:** [A]nd how do you plead?
>
> **Shaiken:** Your Honor, at this time I would request a brief period of attorney prep time and I will tell the court the reason why, if the court is interested.
>
> **Judge:** OK.
>
> **Shaiken:** Umm, the NTA alleges removablility based upon a possessory offense, I've been in touch with his criminal defense lawyer, Mr. Steele and I have asked him to go into court and seek an early expungement which under (*inaudible*) would be a defense and I called him yesterday and he was in court so I do not know the status of that at this time; and therefor I am not in a position and . . . I would hate to admit that he was [a] felon and find out this his . . . um . . . case has been vacated or if there is something pending I just believe it would be in everybody's interest just to wait and see what the superior court does.
>
> . . .
>
> **Shaiken:** and because he has never had an expungement before, he's eligible for it under state law he would have to ask the judge to grant him an expungement before his probation is terminated which they have the right to do. He's got a criminal lawyer

4

>who's represented him in that case, who would be handling that in Santa Rosa; and I just want to make sure the attorney you know brought his motion before the superior court before we do anything.
>
>**Judge:** Oh, I understand, I know that we'll hear from him [the criminal lawyer]. I just want to make sure that you're asking for a continuance for attorney prep because this is the first appearance.
>
>**Shaiken**: Correct.
>
>**Judge:** Not to seek post conviction relief.
>
>**Shaiken**: No. It may have been granted already for all I know. I'm just not in the position, yes, I am not in the position . . . If I wasn't clear I apologize, I am not in the position to admit or deny anything at this time.
>
>**Judge:** Now I understand. Short continuance for attorney preparation, not to seek post conviction relief. Any objection?
>
>**Government counsel:** No your honor.
>
>**Judge:** OK. I will put this case over in one continuance only because at the next hearing the Service, I want the Service to make a note at the next hearing I want the Service to produce the conviction documents. . . .

McCarthy Decl. Ex. C at 2-3. The IJ granted the continuance as requested, and rescheduled the hearing to June 27, 2002.[3] *Id.* at 3. At the June 27, 2002 hearing, the IJ found defendant removable. The record does not contain any other requests for a continuance.

Defendant's reply asserts that "the IJ did grant 'one' and [sic] 'short' continuance for attorney preparation, but "not to seek post-conviction relief." Reply at 10:11-11. If defendant is asserting that the IJ somehow precluded defendant's immigration counsel from seeking post-conviction relief, the record before the Court does not support this assertion. If, instead, defendant is arguing that the IJ's denial of his September 23, 2002 request for a stay of deportation was fundamentally unfair, that argument also lacks merit because the denial took place *after* removal was ordered and cannot be used to prove that the removal order was fundamentally unfair. Moreover, in the September 23, 2002 decision denying a stay of removal, the IJ noted that the was no "sufficient justification" for granting defendant's request for an additional 45 days to seek expungement, and considered it unnecessary in

---

[3] Although defendant's counsel stated that the continuance was not for the purpose of filing a motion in state court, the continuance allowed defendant an additional 98 days during which he could have sought expungement; in fact, defendant could have done this as early as January 18, 2002, when he was released from Service custody. McCarthy Decl. Ex. F at 1.

5

light of the ample time defendant had already had to pursue the matter. *Id.* at 1.

Accordingly, defendant has not shown that the entry of the removal order was fundamentally unfair, and thus his collateral attack on that order fails.

## CONCLUSION

For the foregoing reasons, the Court DENIES defendant's motion to dismiss the indictment. Docket No. 35.

**IT IS SO ORDERED.**

Dated: November 4, 2011

SUSAN ILLSTON
United States District Judge